IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE DILLARD, on behalf of himself or herself and all other similarly situated consumers<br>Plaintiff<br><br>v.<br><br>FBCS, INC.<br>Defendant | CIVIL ACTION<br><br>NO. 1:19-cv-00968-KAM-RER |

**DEFENDANT FBCS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF YVONNE DILLARD'S FIRST AMENDED CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Defendant, FBCS, Inc. ("FBCS"), by and through its undersigned attorneys, now submits this Notice of Supplemental Authority in support of its Motion to Dismiss Plaintiff, Yvonne Dillard's ("Plaintiff") First Amended Class Action Complaint ("Complaint") under Fed. R. Civ. P. 12(b)(6). The Court in *Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 U.S. Dist. LEXIS 196003 (E.D.N.Y. Nov. 12, 2019) has recently issued a decision addressing similar allegations to Plaintiff's Complaint. In *Park v. Forster & Garbus, LLP*, the plaintiff brought claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") after receiving a collection letter. *See Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 U.S. Dist. LEXIS 196003, at *1 (E.D.N.Y. Nov. 12, 2019). Specifically, the plaintiff alleged that the collection letter violated the FDCPA because (1) it included multiple addresses allegedly confusing and misleading the least sophisticated consumer; (2) the letter's validation notice was structured in a way as to be overshadowed by other text of the letter; and (3) that language referencing a lawsuit intimidated the least sophisticated consumer so as to prevent him from exercising his validation rights. *See Park*, No. 19-cv-3621, 2019 U.S. Dist. LEXIS 196003, at *2.

In granting the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court held that the collection letter at issue properly identifies the defendant's P.O. Box for the plaintiff as the appropriate destination for all correspondence and payment regarding the debt. *Id*. at *11. The Court reasoned that the letter stated, "mail all correspondence and payments to the address listed below[,]" and contained the defendant's P.O. Box on a detachable payment slip that stated, "MAKE CHECK PAYABLE TO FORSTER & GARBUS LLP as attorneys AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN." *Id*. at *11-12 (emphasis in original).

The Court further reasoned that the P.O. Box was positioned as a return-mail address, and "is reiterated once more beside a prominent arrow pointing to it for extra emphasis." *Id*. at *12. The Court then compared the collection letter to the one at issue in *Carbone v. Caliber Home Loans, Inc.*, No. 15-cv-4919, 2016 U.S. Dist. LEXIS 138429 (E.D.N.Y. Sept. 30, 2016), and noted that the collection letter at issue did not contain an "overt misdirection" like the *Carbone* letter. *Id*. at *13 (noting the *Carbone* letter misdirected the consumer to mail disputes to an "above referenced address" that was invalid). Relying on *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505, 2019 U.S. Dist. LEXIS 36228 (E.D.N.Y. Mar. 6, 2019), the Court held that the letter at issue does not "invite the type of confusion necessary to succeed on . . . a § 1692e(10) claim." *Id*. at *13 (quoting *Saraci*, No. 18-cv-6505, 2019 U.S. Dist. LEXIS 36228). The Court also distinguished the instant letter from the collection letter in *Pinyuk v. CBE Group, Inc.*, No. 17-cv-5753, 2019 U.S. Dist. LEXIS 71899 (E.D.N.Y. Apr. 29, 2019), noting that the *Pinyuk* letter "provided substantially less context as to which address was proper for the receipt of debt disputes." *Id*. at *15.

As to the plaintiff's overshadowing claim regarding the letter's validation notice, the Court found "that the validation notice is conspicuously and prominently placed in the second paragraph of the collection letter and is not overshadowed or contradicted by other aspects of the letter[.]" *Id*. at *18. The Court reasoned that the plaintiff's argument was primarily supported by *Papetti v. Rawlings Financial Servs., LLC*, 121 F. Supp. 3d 340 (S.D.N.Y. Aug. 5, 2015), which contained an affirmative misdirection because the letter directed the consumer to the reverse side, but the reverse side was blank. *Id*. at *20-21. The Court reasoned that here, "there is no affirmative misdirection in the collection letter[.]" *Id*. at *22.

Lastly, the plaintiff argued that the collection letter's text, stating, "[a]t this time, no determination has been made as to whether a lawsuit will be commenced[,]" intimidates the least sophisticated consumer to prevent him from exercising his dispute and validation rights. *Id*. at *24. The Court rejected this argument, and held that the letter "neither overshadows nor contradicts the validation notice, nor does it render the collection letter false, misleading, or deceptive in violation of the FDCPA." *Id*. at *24. The Court reasoned that, given the statement's placement directly after the validation notice, "it is entirely clear that the right to seek validation of the debt would trump the commencement or continuation of a lawsuit." *Id*. at *26. The Court further reasoned that "the sentence at issue clarifies that a lawsuit is not imminent."

Therefore, the Court granted the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), and dismissed the plaintiff's complaint with prejudice.

                                      FINEMAN KREKSTEIN & HARRIS, P.C.

By:      /S/ Richard J. Perr
          RICHARD J. PERR, ESQUIRE (RP5194)
          Ten Penn Center
          1801 Market Street, Suite 1100
          Philadelphia, PA  19103-1628
          (v) 215-893-9300; (f) 215-893-8719
          e-mail: rperr@finemanlawfirm.com
          Attorney for Defendant FBCS, Inc.

Dated: December 2, 2019

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing via email on the following:

Jacob Silver, Esquire
Jacob Silver, Attorney at Law
237 Club Drive
Woodmere, NY 11598
silverbankruptcy@gmail.com
Attorney for Plaintiff

Craig B. Sanders, Esquire
David M. Barshay, Esquire
Erica Carvajal, Esquire
Jonathan Mark Cader, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
dbarshay@barshaysanders.com
ECarvajal@barshaysanders.com
jcader@barshaysanders.com
Attorneys for Plaintiff

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: December 2, 2019